JOSEPH R. CLEVENGER, Respondent, *v.* BAKER VOORHIS & CO., INC., et al., Appellants.

First Department, October 1, 1963.

*R. Preston Searle* of counsel (*Schmidt & McCormick,* attorneys), for appellants.

*Morris K. Siegel* of counsel (*Vincent J. Crowe* with him on the brief; *Joseph R. Clevenger,* attorney), for respondent.

*Per Curiam.* The jury in this libel action awarded the plaintiff a verdict of $20,000 compensatory damages and $30,000 punitive damages. The purpose of punitive damages is two-fold: to punish the defendant for his malicious act and to provide a deterrent to future publications of similar character. Hence an award is limited to the occasions where the publication is actuated by actual malice, that is, a desire to harm the plaintiff, or where a publication is so recklessly made that its carelessness indicates a heedless disregard for the rights of others. Neither of these elements was established. The first was not claimed. The second is sought to be established by the presence of two facts: that the published volume contained numerous errors, many of which had been called to defendants' attention and, secondly, that the title page failed to indicate that plaintiff had ceased to be the editor. Most of the "numerous errors" were virtually minuscule in character, and their chief impact would be on the sensitivities of an accomplished proofreader. When the presence of errors was called to defendants' attention, it was done in another connection, and the failure to make corrections is no indication of a reckless disregard of plaintiff's reputation. Actually, the defendants' own reputation was also

at stake, and it is impossible to conclude that defendants were playing fast and loose with that. As for the title page, greater care would have disclosed the omission, but the editorial lapse involved is not a showing of heedlessness. No basis for the necessary findings to establish a claim for punitive damage is in the record.

As for compensatory damages, the libel was of the plaintiff purely in his professional capacity as an editor of legal publications. As such he enjoyed a notable reputation. But the plaintiff, now admitted to the Bar for upwards of half a century, has ceased most of his active pursuits. His last legal writing was in 1934 and he gave up editing the work in 1957 and has done no editing since. His legal activities have been confined to attention to his difficulties with these defendants. It is difficult to see how the injury to his reputation could at this late date cause him any substantial pecuniary loss. We recognize that mental distress is an element of compensation and that plaintiff would be entitled to be compensated for any that he suffered.

Accordingly, the award for punitive damages should be stricken. So much of the verdict as represents compensatory damages should be set aside and a new trial ordered, with costs to appellants to abide the event, unless plaintiff stipulates to reduce the verdict to $10,000, in which event the judgment, as so modified, should be affirmed, without costs.

Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ., concur.

The award for punitive damages stricken. So much of the verdict as represents compensatory damages unanimously set aside and a new trial ordered, with costs to appellants to abide the event, unless plaintiff stipulates to reduce the verdict to $10,000, in which event the judgment, as so modified, is affirmed, without costs. Settle order on notice.