RICHARD VAN DUSEN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 46863—Motion No. M-9542.)

Third Department, November 6, 1967.

Louis J. Lefkowitz, Attorney-General (Grace K. Banoff and Ruth Kessler Toch of counsel), for appellant.

Herosa & Scott for respondents.

GABRIELLI, J. This is an appeal from an order of the Court of Claims entered February 11, 1967, which vacated the State's demand for a bill of particulars. The claim in the amount of $55,000 is broken down into three categories, viz. $10,000 is sought for the appropriation of a right of way; $20,000 is sought for alleged damages created because the parcel, to which the right of way provided access, has been rendered useless; and $25,000 as consequential damages to other premises of the claimants. Paragraph 3 of the claim refers to the appropriated property as " a certain right of way " and the claim does not further specify its exact location nor, in fact, does it identify the claimants' land alleged to have been consequentially damaged.

In the court below, claimants sought to have the demand for the bill of particulars vacated on the main ground that such a

demand is improper prior to the exchange of appraisals under rule 25a of the Rules of the Court of Claims. Subdivision 9 of section 9 of the Court of Claims Act, which relates to practice and procedure, provides that "the practice shall be the same as in the supreme court" and CPLR 3041 provides that "Any party may require any other party to give a bill of particulars of his claim". There is, as we said in *Vicidomini* v. *State of New York* (21 A D 2d 837) the right to have a claim in an appropriation case, amplified by a bill of particulars. A contention that rule 25a precludes bills of particulars prior to the exchange of appraisals fails to have any merit. Indeed, it would be difficult, and at times impossible, for the State to prepare and serve an appraisal unless it knows exactly what a claimant alleges he owns. We, therefore, conclude that the State because of a lack of specificity of the alleged right of way and the lands claimed to be consequentially damaged, is entitled to a bill of particulars relating thereto.

The order should be modified, on the law and the facts, by directing the filing and service of a bill of particulars of demands numbered "1" and "5" and, as so modified, affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and STALEY, JR., JJ., concur.

Order modified, on the law and the facts, by directing the filing and service of a bill of particulars of demands numbered "1" and "5" and, as so modified, affirmed, without costs.