■ WHITE PLAINS URBAN RENEWAL AGENCY, Respondent, v. JOSEPH J. EINHORN et al., Appellants, et al., Respondents.— In a condemnation proceeding, the property owners appeal from an order of the Supreme Court, Westchester County, dated September 7, 1971, which granted petitioner's motion for a protective order vacating the owners' notice for a pretrial examination of petitioner. Order affirmed, without costs. The case of *City of Binghamton* v. *Arlington Hotel* (30 A D 2d 585 [Third Dept.]), relied upon by appellants, is inapplicable, for the rule in the Third Department (22 NYCRR 839.3) differs in language and scope from the rule in this Department (22 NYCRR 678.1). In affirming the order herein we are merely holding that the appraisals in question are not subject to pretrial disclosure. We reach no other question. Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.

### (March 30, 1972)

■ In the Matter of LEFRAK FOREST HILLS CORP. et al., Appellants, v. BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents. In the Matter of LEFRAK FOREST HILLS CORP. et al., Appellants, v. THOMAS F. GALVIN et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Respondents.— Application by appellants for an order to show cause denied. This application is predicated on the erroneous assumption that Special Term has denied the application of appellants for injunctive relief *pendente lite*; that, appellants having served a premature notice of appeal from such denial, an appeal may be heard by this court in the court's discretion; and that, pending such appeal, this court may entertain the present application, which includes a request for injunctive relief. The record before us does not disclose a denial of appellants' motion at Special Term for injunctive relief *pendente lite*. Special Term, in the exercise of discretion, granted an application made on behalf of respondents for an adjournment of all motions with respect to the above-entitled matters, an action for a declaratory judgment and a proceeding pursuant to article 78 of the CPLR. Included in these motions was one for injunctive relief *pendente lite*. The adjournment merely served to postpone a consideration of the merits of all the applications, including the one for the injunctive relief *pendente lite* and of the proof offered in support thereof. Since no determination on the merits has been made by Special Term, no appeal may properly be taken to this court either as of right or as a matter of discretion. Assuming that this court has original jurisdiction to hear and determine contested motions even in the absence of an appeal (*De Rosa* v. *Slattery Contr. Co.*, 14 A D 2d 278, affd. 12 N Y 2d 735), this court, in the exercise of discretion and as a matter of policy, has declined to exercise such power and has always remitted to Special Term those applications which Special Term has the power to determine (cf. *Matter of Mitchel* v. *Cropsey*, 177 App. Div. 663, 674; *Matter of Bar Assn. of City of New York*, 222 App. Div. 580, 585). Rabin, P. J., Munder, Martuscello, Latham and Benjamin, JJ., concur.