■ ROBERT S. NEULIST, Respondent, v COUNTY OF NASSAU et al., Appellants.—In an action to recover damages for malicious prosecution, defendants appeal from so much of an order of the Supreme Court, Nassau County, dated June 19, 1975, as granted that branch of plaintiff's motion as sought dismissal of the third affirmative defense—the pendency of another action by plaintiff against defendants in a Federal court based upon the same facts and seeking the same relief. Order affirmed insofar as appealed from, without costs. One of the purposes underlying the Federal Civil Rights Act (US Code, tit 42, §§ 1981 *et seq.)* was "to provide a remedy in the federal courts supplementary to any remedy any State might have" *(McNeese v Board of Educ.,* 373 US 668, 672). We believe that a common-law action for malicious prosecution brought in this State may coexist with a pending Federal civil rights action based upon the same facts *(Monroe v Pape,* 365 US 167, 183). Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.

■ NEWBURGH URBAN RENEWAL AGENCY, Respondent, v COSMIE. R. SAFFIOTI et al., Appellants. (And Another Similar Title.)—In two condemnation proceedings, the claimants appeal from an order of the Supreme Court, Orange County, dated July 25, 1974, which denied their motions (a separate one in each proceeding) to vacate the condemnor's demands for bills of particulars. Order reversed, without costs, and motions granted. The bills of particulars demanded in these proceedings seek to compel production of items which are evidentiary merely and are the means by which the pleaders will prove their claims, rather than the specification of what they will claim. This is improper (cf *White Plains Urban Renewal Agency v Einhorn,* 38 AD2d 979; 6 Carmody-Wait 2d, NY Practice, § 36:13). Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

■ KATHLEEN T. NORMAN, Respondent, v JOHN R. NORMAN, Appellant. —The respective attorneys for the parties on this appeal from an order of the Supreme Court, Suffolk County, entered August 22, 1975, have agreed, by stipulation dated November 19, 1975, after a conference in this court before Mr. Justice Gittleson, *inter alia,* that the appeal be withdrawn and that a hearing be held upon the issues as to the respective financial circumstances of the parties as of May 27, 1975. In accordance with the stipulation, (1) the appeal is deemed withdrawn, without costs, (2) a hearing shall be held in the Supreme Court, Suffolk County, Special Term, Part V, on December 2, 1975, upon the issues as to the respective financial circumstances of the parties as of May 27, 1975, before a Justice other than the Justice who presided at the May 27, 1975 uncontested matrimonial hearing and (3) a determination of the amount of permanent alimony in the case shall be made by the Justice who will hold said hearing, on the basis of the hearing. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.