■ In the Matter of the Proceeding to Remove from Office WILLIAM M. PERRY, a Judge of the District Court, Third District, County of Suffolk, Respondent. TEMPORARY STATE COMMISSION ON JUDICIAL CONDUCT, Petitioner.—In this disciplinary proceeding instituted by the Temporary State Commission on Judicial Conduct (the Commission), the issues were referred to Hon. Daniel G. Albert, a Justice of the Supreme Court, to hear and report, by order of this court dated January 16, 1976. The petitioner moves to confirm the report of the said Justice. The respondent cross-moves, *inter alia,* to disaffirm so much of the report as finds charges "6A (1) to (3)" and "6B (1)–(6)" proved. The respondent was admitted to practice by this court on October 31, 1951. He was duly elected as a District Court Judge of Suffolk County on November 5, 1968 and assumed office on January 1, 1969. He was re-elected on November 5, 1974 and is presently serving as such District Court Judge. The petition charged Judge Perry with two categories of misconduct: (1) that respondent, on April 30, 1975, without any justification, ordered three law enforcement officers to bring a coffee vendor before him, authorized the use of handcuffs and thereafter excoriated the handcuffed vendor for the quality of his product after he was brought to respondent's chambers; and (2) respondent gave false testimony under oath when questioned about the matter by the Commission. The reporting Justice has found the respondent guilty of the first category of misconduct *in toto,* and, with the exception of one specification, has found respondent guilty of the second category of misconduct as well. After reviewing all of the evidence and the report of Mr. Justice Albert, we are in full accord with the findings in the report. Accordingly, the petitioner's motion to confirm the report is granted, the cross motion, insofar as it seeks disaffirmance of the report, is denied, and the respondent is adjudged guilty of judicial misconduct. On the question of punishment, while the charges stemmed from an isolated incident which, in the ordinary course of events, might have been balanced against respondent's prior unblemished record, the giving of false testimony, particularly by a member of the judiciary, is inexcusable. Such conduct on the part of a judicial officer, whose responsibility is to seek out the truth and evaluate the credibility of those who appear before him is not conducive to the efficacy of our judicial process and is destructive of his usefulness on the bench. Accordingly, the respondent is removed from his judicial office. Damiani, Acting P. J., Christ, Rabin, Shapiro and Titone, JJ., concur.