■ SHELLY L. SARSICK, an Infant, by RONALD M. SARSICK, Her Parent, et al., Appellants, v MARY KIBEC et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered December 7, 1978 in Schenectady County, which denied plaintiffs' motion to deem the summons and complaint to be a timely notice of claim within the meaning of the General Municipal Law. The infant plaintiff was injured while riding as a passenger in a motor vehicle owned by defendant Kibec which was in collision with a fire truck owned by defendant Harmony Corners Fire District. An action on behalf of the infant was commenced against the defendant fire district on October 11, 1974, 99 days after the happening of the event giving rise to the action. The defendant fire district's answer, containing an affirmative defense alleging noncompliance with the General Municipal Law with respect to service of a notice of claim, was served on November 1, 1974. Forty months after issue was joined, specifically on February 28, 1978, plaintiffs moved for an order striking the affirmative defense, or, in the alternative, for leave to file a late claim, pursuant to section 50-e of the General Municipal Law. The motion was denied. No appeal was taken. Thereafter, on April 26, 1978, plaintiffs moved for reargument. The motion was denied. No appeal was taken. Again, by order to show cause, dated October 6, 1978, plaintiffs moved for an order permitting the summons and complaint served in this matter to be deemed a timely notice of claim *nunc pro tunc.* The motion was denied and this appeal ensued. There must be an affirmance. The plaintiffs' contention that the General Municipal Law does not require a notice of claim to be served upon a fire district is without merit. Subdivision 1 of section 50-i of the General Municipal Law specifically states that "No action * * * shall be prosecuted or maintained against a * * * fire district * * * unless, (a) a notice of claim shall have been * * * served upon the * * * fire district * * * in compliance with section fifty-e of this chapter" (see *Hopkins v East Syracuse Fire Dist.,* 49 Misc 2d 197, 199-200). Next, while it is true that the defendant fire district had timely notice of the accident giving rise to plaintiffs' injuries since the owner of the vehicle in which the infant plaintiff was a passenger gave timely notice of claim to the fire district, it is not true that such notice relieved plaintiffs of their duty to file such a notice within 90 days from the date of the mishap. The requirement of section 50-e is a condition precedent to the commencement of an action against a public corporation *(Barchet v New York City Tr. Auth.,* 20 NY2d 1, 6). However, had plaintiffs' summons and complaint been served within 90 days of the accident we might be inclined to regard the served papers as satisfying the notice requirements since the allegations of the complaint would have apprised the fire district of all operative facts neces-

sary for investigation (see *Quintero v Long Is. R. R.,* 31 AD2d 844). Absent such service and with due regard to plaintiffs' failure to move for leave to file late within one year and 90 days of the mishap, we are without authority to deem the summons and complaint to be a timely notice of claim. Order affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.