THOMAS ZARCONE, Respondent, v WILLIAM M. PERRY et al., Appellants, et al., Defendants.

Second Department, December 15, 1980

**APPEARANCES OF COUNSEL**

*Curtiss, Hart & Zaklukiewicz (Edward J. Hart* and *Wade T. Dempsey* of counsel), for William M. Perry, appellant.

*Maloney, Murphy & McLoone (James M. Maloney* of counsel), for Robert J. Anderson and others, appellants.

*Arnold B. Firestone (Adrienne Mirro* of counsel), for respondent.

OPINION OF THE COURT

HOPKINS, J. P.

This appeal essentially addresses the partial denial of the appellants' motion and cross motion to dismiss the complaint as to them on the grounds that a judgment of the United States District Court for the Eastern District of New York is *res judicata* of the causes of action alleged by the plaintiff, and that the recovery of a judgment against defendant Perry in favor of the plaintiff in the total sum of $140,000 ($80,000 in compensatory damages and $60,000 in punitive damages) precludes a second recovery by the plaintiff in this action.[1] The judgment in the District Court resulted from a cause of action alleging violations of the plaintiff's civil rights under section 1983 of title 42 of the United States Code.

The questions thus presented are, first, whether the principles of *res judicata* resting on a judgment in a Federal court in an action to recover damages for the deprivation of civil rights under section 1983 apply to bar a State court action to recover damages for common-law torts and, second, whether a recovery in the State court action is banned because a double recovery for the wrongs suffered would thereby be permitted.

█ We hold that the doctrine of *res judicata* bars the subsequent State court action and that a recovery in the State court action would constitute a double recovery.

I

The complaint and bill of particulars allege:

On April 30, 1975 the plaintiff was a vendor of comestibles, operating from a vehicle in Suffolk County. Defendant Perry, a Judge of the District Court of Suffolk County, was holding court in Hauppauge. He asked defendant Windsor, during the evening, to obtain coffee, and Windsor purchased two cups of coffee from the plaintiff. Windsor

---

1. The plaintiff recovered in the District Court action a judgment in the total sum of $81,000 ($80,000 in compensatory damages and $1,000 in punitive damages) against defendant Windsor, who is not a party to this appeal.

was a Deputy Sheriff in the office of defendant Corso,[2] assigned to the District Court. Windsor returned to the plaintiff, accompanied by defendants Anderson and Giambalvo, who were police officers of the County of Suffolk under the assignment of defendant Kelley, the police commissioner. Windsor told the plaintiff that Perry wished to see him because of the poor quality of the coffee. Over the plaintiff's protest, he was handcuffed and taken by the officers into the courthouse to the Judge's chambers. Perry screamed at the plaintiff, accusing him of watering down the coffee, and threatened to have the plaintiff's vendor's license revoked.[3] The plaintiff was then released. Later in the evening, Windsor again returned to the plaintiff and said that Perry wanted to see him; the plaintiff was not handcuffed on this occasion, and went to see Perry, who told the plaintiff that if the plaintiff promised that "it would never happen again", then Perry would drop the issue. The plaintiff was thereafter told by Perry that he could leave.[4]

The plaintiff sued the defendants in the United States District Court for the Eastern District, claiming that he suffered damages from their violations of section 1983 of title 42 of the United States Code, specifically of the deprivation of his right to freedom from unlawful arrest, detention and imprisonment. His damages, he alleged, resulted from both physical and mental injuries, nervous shock and humiliation, and harm to his reputation and business. During the course of that litigation, the complaint was dismissed as to defendants County of Suffolk, Corso and Kelley.[5]

After trial, the plaintiff recovered judgment against Perry in the sum of $80,000 compensatory damages and

---

2. Defendant Corso is not a party to this appeal.

3. The complaint alleges that Perry made the following statements to the plaintiff:

"Did you taste that garbage you are selling?

"You got a bloody nerve selling that kind of product in this country.

"Are you selling that stuff to people that come into this Court out here?

"Mister, you are going to be sorrier before I get through with you."

4. The facts in the record of the United States District Court are stated in *Zarcone v Perry* (572 F2d 52, 53-54; see, also, *Matter of Perry*, 53 AD2d 882).

5. The dismissal as to the county was based on the ground that it was not a person subject to suit under section 1983; as to Corso and Kelley, the dismissal was based on the fact that the court would not exercise its pendent jurisdiction over "state claims".

$60,000 punitive damages, a total of $140,000, and against Windsor in the sum of $80,000 compensatory damages and $1,000 punitive damages, a total of $81,000. The jury exonerated defendants Anderson and Giambalvo. On appeal the judgment was affirmed *(Zarcone v Perry,* 572 F2d 52).

This action was then commenced. The complaint consists of several causes of action: (1) damages for false arrest; (2) damages for defamation; (3) damages for intentional infliction of mental and physical injury; (4) damages for malicious threat to interfere with business; (5) damages for Kelley's negligence in the training and supervision of Anderson and Giambalvo; (6) damages for Corso's negligence in the training and supervision of Windsor; (7) damages for malicious interference with business; and (8) damages for intentional infliction of mental distress.

Perry moved to dismiss the complaint as against him, on the ground that there was no triable issue of damages as to him, since the damages recovered in the Federal court action covered the same incident alleged in this action. Anderson, Giambalvo, Kelley and the County of Suffolk cross-moved to dismiss the complaint as to them on the same ground and the additional ground of *res judicata.*

Special Term ordered that "said motion and cross motion barring recovery of damages on the State tort claims are denied", and that "summary judgment be granted as to any cause of action based on violation of Federal civil and constitutional rights." Since Special Term did not delineate which causes of action, if any, were "based on violation of Federal civil and constitutional rights", we are constrained to construe Special Term's order as denying the appellants' motion and cross motion altogether.

## II

Derived from the Civil Rights Act of 1871 (17 US Stat 13), section 1983 provides " 'broad and sweeping * * * protection' " to basic civil rights *(Lynch v Household Fin. Corp.,* 45 US 538, 543-544). To state a claim under the statute, a plaintiff must allege: (1) that the defendant was acting under color of State law at the time of the acts in question, and (2) that the defendant deprived the plaintiff

of a right, privilege or immunity secured by the Constitution or laws of the United States *(District of Columbia v Carter,* 409 US 418, 423-425). Among those basic constitutional protections are the liberty of the person, i.e., the right to be free from false arrest *(Duriso v K-Mart No. 4195, Div. of S. S. Kresge Co.,* 559 F2d 1274), the acquisition, enjoyment and alienation of property *(Lynch v Household Fin. Corp., supra,* p 552), and freedom of enterprise *(Allgeyer v Louisiana,* 165 US 578; *Mansell v Saunders,* 372 F2d 573).

The invasion of these fundamental rights, for which damages are recoverable under section 1983, have common elements with certain common-law torts, such as actions for false arrest, malicious prosecution, and intentional interference with contractual and property rights. At the same time there are evident differences. An action under section 1983 must, as pointed out above, show that the defendant was acting under color of State law, thereby narrowing the class of defendants pursuant to the gloss of the cases construing that requirement (see, generally, I Antieau, Federal Civil Rights Acts [2d ed], § 57 *et seq.*) ; yet the statute in authorizing a cause of action for the deprivation of rights under the Federal Constitution and laws provides a spectrum which the common-law tort action may not encompass (see, e.g., *Winters v Miller,* 446 F2d 65, cert den 404 US 985 [freedom of religion] ; *Orr v Thorpe,* 427 F2d 1129 [freedom of association] ; *Canty v City of Richmond, Virginia, Police Dept.,* 383 F Supp 1396, affd 526 F2d 587, cert den 423 US 1062 [freedom to travel] ).

This does not mean that " a font of tort law [would] be superimposed upon whatever systems may already be administered by the States" by section 1983 *(Paul v Davis,* 424 US 693, 701). Though the statutory remedy is distinct, the aims of federalism and the language of Congress do not justify the conclusion that all common-law tort theories are displaced, for the issue is whether a constitutional or Federal right has been infringed under the color of State law, before the remedy under section 1983 may be invoked. Hence, whether the common-law tort coincides substantially with the action granted by section 1983 must depend on an

analysis of the facts of the case. That, in a particular case, the tort remedy may overlap with the statutory remedy is clear (cf. *Brody v Leamy*, 90 Misc 2d 1, 10 [GAGLIARDI, J.]).

An action under section 1983 may be instituted in either the Federal courts or the State courts (cf. *Cooper v Morin*, 50 AD2d 32; *Neulist v County of Nassau*, 50 AD2d 803). We held in *Neulist (supra*, p 803) that an action for malicious prosecution may proceed simultaneously in the State court with an action under section 1983 in the Federal court because the statute was intended "to provide a remedy in the federal courts supplementary to any remedy any State might have" (see *McNeese v Board of Educ.*, 373 US 668, 672).

Here the plaintiff pursued his remedy under the statute in the Federal court first, and the appellants contend that the principles of *res judicata* and double recovery intervene to shelter them from further attack under common-law tort theories.

## III

The Court of Appeals has recently written definitively concerning the effect of *res judicata* on pending litigation *(Matter of Reilly v Reid*, 45 NY2d 24). The opinion (per BREITEL, Ch. J.) noted (p 27) that the "difficulty arises in determining when a second action involves the same cause of action as an earlier one". Essentially, *Matter of Reilly v Reid* concludes that section 61 of the Restatement of Judgments, Second (Tent. Draft No. 1, 1973) embodies the New York rule. The Restatement reads as follows:

"§ 61. Dimensions of 'Claim' for Purposes of Merger or Bar—General Rule Concerning 'Splitting'

"(1)  When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar [citations omitted], the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

"(2)  What factual grouping constitutes a 'transaction',

and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

The test of claim preclusion is therefore one of transactional grouping—that is, whether the plaintiff's claim arises out of "all or any part of the transaction, or series of connected transactions" forming the basis of the previous action in which the judgment was rendered; and the term "transaction" is to be given a pragmatic interpretation, taking into account the setting and expectations of the parties at the time.

An exception to this rule appears when the elements of proof required vary materially between the prior and subsequent actions *(Julien J. Studley, Inc. v Lefrak,* 48 NY2d 954; *Brown v Lockwood,* 76 AD2d 721). But the exception has no application here.

First, the proof of the transaction in this action will not differ materially from the Federal court action, as a comparison of the facts which the plaintiff has alleged in his complaint and bill of particulars with the factual statement found in the opinion of the Second Circuit in *Zarcone v Perry* (572 F2d 52, 53-54, *supra,* [per FEINBERG, J.]) establishes. Unquestionably, the plaintiff relies in this action on the same evidence to make his case as was adduced in the Federal court.

Second, save for one cause of action, alleged against Perry, which we will discuss beyond, the causes of action in the complaint before us, taken separately, require virtually the same proof, both as to the prima facie elements and damages, which a cause of action under section 1983 comprehends. Thus, false arrest is essentially the deprivation of liberty protected by the statute *(Duriso v K-Mart No. 4195, Div. of S. S. Kresge Co.,* 559 F2d 1274, *supra),* and the actions for intentional infliction of mental distress and mental and physical injury are reflections of the same constitutional protection; the actions for malicious threat and of interference with business are essentially claims of

infringment with a right to the acquisition of property *(Lynch v Household Fin. Corp.*, 405 US 538, 552, *supra)* and freedom of enterprise recognized by section 1983 *(Allgeyer v Louisiana,* 165 US 578, *supra; Mansell v Saunders,* 372 F2d 573, *supra).*

Except for the very recent case of *McKinney v City of New York* (78 AD2d 884), we have not discovered any case in which it has been held that *res judicata* bars a State court action following a judgment in a section 1983 action in the Federal court. However, there are a number of cases in the Federal courts applying *res judicata* when a prior court judgment has been rendered (see, e.g., *Davis v Towe,* 379 F Supp 536, affd 526 F2d 588; *Hammer v Town of Greenburgh,* 440 F Supp 27, affd 578 F2d 1368; *Wiggins v Murphy,* 576 F2d 572; *Jennings v Shuman,* 567 F2d 1213; *Pritchard v Perry,* 508 F2d 423; *Nesmith v Alford,* 318 F2d 110, cert den 375 US 975; *Bennun v Board of Governors of Rutgers, State Univ. of N.J.,* 413 F Supp 1274; *Muller v Wachtel,* 345 F Supp 160; cf. *McKinney v City of New York, supra,* applying *res judicata* following a Federal court dismissal on defendant's motion directed to the pleadings; *E-C Tape Serv. v Barron,* 71 FRD 585).[6]

In dicta the United States Supreme Court has said that *"res judicata* has been held to be fully applicable to a civil rights action brought under § 1983" *(Preiser v Rodriquez,* 411 US 475, 497). We think that the reasons of policy underlying the invocation of *res judicata* generally—conservation of judicial time, the reliance to be properly laid on judgments rendered after a fair trial of the issues, and the avoidance of harassment of litigants—support a conclusion consistent with the expression of that view *(Matter of Reilly v Reid,* 45 NY2d 24, 28, *supra;* see, generally, Developments in the Law, Section 1983 and Federalism, 90 Harv L Rev 1133, 1331-1338). As to those causes of action

---

6. The Second Circuit has distinguished between claims of violations of procedural due process and claims of violations of substantive due process, holding that as a matter of policy the Federal courts should not be precluded from considering claimed violations of procedural due process even in the face of State court judgments finding that no such violations occurred *(Lombard v Board of Educ.,* 502 F2d 631, 635-636; but, see *Winters v Lavine,* 574 F2d 46). Of course, we deal here with claims of violations of substantive rights.

in the instant case against Perry based on the same proof and comprehended within the prior section 1983 action, we accordingly hold that they are barred by the principles of *res judicata*.

We noted above one possible exception to the scope of section 1983. The plaintiff has alleged a cause of action sounding in defamation. The United States Supreme Court has held that as a general proposition section 1983 affords no right of action for defamation *(Paul v Davis*, 424 US 693, *supra)*. In *Paul* the plaintiff sued under section 1983, claiming that a flyer issued by the police department containing names and photographs of shoplifters erroneously showed his name and photograph, thereby depriving him of "liberty" protected by the Fourteenth Amendment. It is clear that plaintiff's claim was no more than defamation; it did not, as here, include other connected tortious conduct involving violations of true section 1983 claims.

We think that where, as here, the claim of defamation[7] arises as an inextricable fragment of the whole episode and forming a sequence of serially related events between Perry and the plaintiff, we should not attempt to separate the defamation aspect from the other causes of action barred by *res judicata*. The doctrine of *res judicata* is a pragmatic exercise of judicial policy, and hence we consider that the pragmatic result must conclude all rights of the plaintiff which emerged from the transaction and which were compensated by the prior recovery obtained by the plaintiff against Perry.

Our finding is buttressed by the fact that the plaintiff testified in the Federal action as to the alleged defamatory statements (see *Zarcone v Perry*, 572 F2d 52, 53-54, *supra)*, and the Judge charged the jury that damages might be awarded for the emotional distress and embarrassment suffered by the plaintiff as the result of Perry's conduct. The award of the jury was substantial; it cannot be said that the jury overlooked those aspects of damage traditionally considered to flow from defamatory speech— humiliation to feelings and mental distress *(Clevenger v*

---

7. We express no view whether the cause of action, as alleged, is sufficient, since no challenge as to its validity has been made by the appellants.

*Baker Voorhis & Co.*, 19 AD2d 340, affd 14 NY2d 536; Prosser, Torts [4th ed], § 112, pp 760-761). Practically, then, the plaintiff recovered damages for the same injuries that his present action for defamation would entail. Hence, the bar of *res judicata* should apply against the cause of action for defamation as a matter of policy.

## IV

We turn to the alternative ground urged by the appealing defendants for summary judgment, that is, that the courts will not allow double recovery for the identical injury.

The theory of double recovery to prevent the maintenance of a second litigation has somewhat the same reasons of policy as supports *res judicata*. It differs, however, because it presupposes a prior recovery, and thus would be available only against a plaintiff, whereas *res judicata* operates in favor of either a plaintiff or defendant, dependent on the character of the judgment previously rendered. In effect, the appellants are contending that the recovery in the Federal court inures to their benefit, excluding a second recovery.[8]

It has been broadly stated that judicial policy forestalls a double recovery for an injury *(Derby v Prewitt,* 12 NY2d 100, 107). The principle appears usually in one of two contexts: (1) where a general release has been delivered to one tort-feasor and others seek to take advantage of it (see, e.g., *Derby v Prewitt, supra; Milks v McIver,* 264 NY 267, 270). Accordingly, in *Milks* it was said (at p 270): "In such case satisfaction by the original wrongdoer of all damages caused by his wrong bars action against the negligent physician who aggravated the damage. The law does not permit a double satisfaction for a single injury" (see, also, *Lucio v Curran,* 2 NY2d 157; *Metropolitan Dry Cleaning Mach. Co. v Hirsch,* 38 AD2d 558; *Grynbal v Grynbal,* 32 AD2d 427).

The second context has arisen when the plaintiff, having sued for damages for a breach of contract, thereafter sues,

---

8. The record does not enlighten us as to whether the whole or any part of the judgment in the Federal action has been paid.

after recovery, on a tort theory, or vice versa. The rule is that under such circumstances the plaintiff may have only one recovery *(Simon v Royal Business Funds Corp.*, 34 AD2d 758, affd 29 NY2d 692; *Boehm v Ekco Prods. Co.*, 47 AD2d 807).

Neither of these contexts is, of course, present in this case. As a matter of logical extension, nevertheless, we think the rule prohibiting a double recovery for the same injury is applicable. To a substantial degree the rule has been recognized in actions brought under the Civil Rights Law. Thus, it has been held that damages for a violation of sections 50 and 51 of the Civil Rights Law include all damages alleged to have been suffered by a libel based on the same acts *(Binns v Vitagraph Co. of Amer.*, 210 NY 51, 59; *Russell v Marboro Books*, 18 Misc 2d 166, 180-181). That conclusion has been reached in other jurisdictions *(Brink v Griffith*, 65 Wn 2d 253; *Munsell v Ideal Food Stores, Div. of Allied Supermarkets*, 208 Kan 909), and approved by a scholar in the field (Wade, Defamation and the Right of Privacy, 15 Vand L Rev 1093, 1107, 1123).

In *Stringer v Dilger* (313 F2d 536), the plaintiff sued in the United States District Court, asserting a cause of action under section 1983, and a cause of action for assault and battery. The jury returned a verdict in favor of the plaintiff on both and awarded damages on both. Notwithstanding the verdict, the District Court entered judgment in favor of the defendant on the cause of action under section 1983. The Tenth Circuit reversed saying (at pp 541-542): "In further argument opposing the reinstatement of the judgment, appellee says that the verdicts rendered upon the two causes of action allowed a double recovery for bodily injuries. Except in cases in which punitive damages may be allowed, an injured party may recover damages only for the actual loss he suffered and no more; he is to be made whole, but not entitled to be put in a better condition than he would be in had the wrong not been committed. Missouri Pacific Railroad Company v. H. Rouw Company, 5 Cir., 258 F.2d 445, cert. denied 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302; 15 Am. Jur., Damages, § 13, pp. 402-404. After examining the court's instruction as to the measure of damages on the first cause, and assuming that the jury

followed the instruction, we agree with appellee. Although, we cannot ascertain what part of the verdict on the first cause of action was awarded for personal injuries, we can look to the verdict on the second cause of action to determine the amount fixed by the jury as compensation for bodily injuries, as the entire amount of this verdict was for bodily injuries and resulting damages. Therefore, in reinstating the judgment on the first cause of action, that judgment should be reduced in the amount of recovery had on the second cause of action for compensatory damages."

Where, as in this case, the plaintiff has already recovered adequate damages on the same facts constituting the injury, and according to a charge which submitted the same elements of damages, we hold that in justice and fairness, no further recovery should be allowed. For these reasons, too, we would grant a dismissal of the causes of action against appellant Perry.

## V

What has been said with respect to Perry and his contention of the defense of *res judicata* applies as forcibly to appellants Anderson and Giambalvo. The jury's verdict in their favor in the Federal action prevents relitigation of the causes of action alleged against them in this action.

The causes of action against appellants County of Suffolk and Kelley present other difficulties. The causes of action against them were dismissed in the Federal action (cf. *Monell v New York City Dept. of Social Servs.*, 436 US 658); hence, there can be no bar of *res judicata* per se as distinguished from collateral estoppel. On this appeal we do not treat the issue of whether the county would be liable vicariously for the tortious conduct of Perry or Corso, because that issue is not raised. Nor do we treat what effect a satisfaction of the Federal judgments against Perry and Windsor might have so far as constituting a *pro tanto* satisfaction of the claims against the county, for, again, that issue has not been raised.

Nevertheless, we hold that the cause of action against Kelley for negligent training and supervision of Anderson and Giambalvo must fall because of the verdict

in the latter's favor in the Federal action. By operation of the rule of collateral estoppel, since the plaintiff had a full and fair opportunity in the Federal action to prove responsibility on the part of Anderson and Giambalvo in the transaction and failed, the negligence of Kelley, even if it existed, could not be a factor in the injuries suffered by the plaintiff as a result of the transaction. The cause of action against Kelley and the county on this theory must therefore be dismissed.

## VI

Recapitulating, we dismiss plaintiff's first, second, third, fourth, seventh and eighth causes of action against defendant Perry on both the grounds of *res judicata* and double recovery. We dismiss the same causes of action against defendants Anderson and Giambalvo on the ground of *res judicata*, since they obtained a verdict in their favor in the Federal court action.

We dismiss the fifth cause of action against Kelley and the County of Suffolk, since any negligence of Kelley in training and supervising Anderson and Giambalvo cannot be actionable in light of the prior verdict absolving Anderson and Giambalvo of liability.

MANGANO, O'CONNOR and WEINSTEIN, JJ., concur.

Order of the Supreme Court, Suffolk County, entered September 13, 1979, reversed, without costs or disbursements, and all of the causes of action against the appellants are dismissed except for the sixth cause of action against appellant County of Suffolk.