PAULINE HINES, Respondent, v CITY OF BUFFALO, Appellant.

Fourth Department, February 26, 1981

APPEARANCES OF COUNSEL

*Joseph P. McNamara (James S. Quinlivan* of counsel), for appellant.

*Collins, Collins & DiNardo, P. C. (Frank Dolce* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

The issue for our determination is whether a prior jury verdict of no cause of action in favor of police officers in an action in Federal District Court under section 1983 of title 42 of the United States Code bars a subsequent State court action under tort law against the municipality employing them based on the same acts asserted in the prior Federal action. Further, we must decide whether a court may grant permission to file a late notice of claim in order to assert a cause of action for malicious prosecution when the initial notice of claim, timely filed, gave notice of only facts surrounding the arrest of plaintiff.

On March 31, 1977 plaintiff filed a notice of claim and supporting affidavit with the City of Buffalo (City), asserting that on December 31, 1976, at about 4:00 A.M., two City police officers, without any cause, stopped an automobile in which plaintiff was a passenger. Plaintiff claims that she was thereafter pulled by her coat collar from the rear seat, verbally abused, assaulted, arrested and jailed for five hours before being hospitalized for injuries she sustained. She was charged with obstructing governmental administration, assault in the third degree and resisting arrest in violation of sections 195.05, 120.00 and 205.30 of the Penal Law. These charges were subsequently dismissed after a hearing in the City Court of Buffalo in accordance with a decision dated June 15, 1977.

Early in November, 1977, plaintiff instituted simultaneous actions. An action was commenced in the United States District Court against the two police officers under the provisions of the Fourteenth Amendment, and pursuant to

the civil rights provisions of section 1983 of title 42 of the United States Code. A State court action was instituted against the City alleging causes of action based upon assault, false imprisonment, malicious prosecution and negligence. A summons and complaint was served on the City on November 7, 1977 and issue was joined on December 6, 1977 by answer containing the affirmative defense of justification. A jury trial held in the United States District Court for the Western District of New York on the alleged civil rights violation resulted in a verdict of no cause of action on November 27, 1978.

On February 25, 1980, the City brought a motion in Supreme Court, Erie County, seeking summary judgment dismissing plaintiff's complaint on the ground that the causes of action alleged therein were barred by the principles of *res judicata* and collateral estoppel. The City also sought leave to amend its answer to allege that plaintiff had failed to file a notice of claim regarding the third cause of action in her complaint, alleging malicious prosecution. Special Term denied summary judgment but granted the City leave to file an amended answer asserting additional affirmative defenses based upon *res judicata* and collateral estoppel. In addition, Special Term, in its discretion, granted plaintiff permission to file a late notice of claim with respect to her third cause of action. The City appeals.

At the outset, we are concerned with the principles of issue preclusion, or collateral estoppel, rather than claim preclusion since the prior action in the Federal District Court was against the officers individually, not against the City; the City was not a party nor did it participate in any manner *(Malloy v Trombley*, 50 NY2d 46, 49; 9 Carmody-Wait 2d, NY Prac, § 63:229). Special Term erroneously assumed that issue preclusion could not apply because the City was not a party in the prior action (see *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65, 70; *B. R. DeWitt, Inc. v Hall*, 19 NY2d 141).

It has been established that there are but two necessary requirements for invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of

the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling *(Schwartz v Public Administrator of County of Bronx, supra,* at p 71). Collateral estoppel is founded on the necessity of conserving judicial resources by discouraging redundant litigation and is premised on the view that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; see, also, *Matter of Reilly v Reid,* 45 NY2d 24). Since there are serious consequences arising from a determination that a party is collaterally estopped from litigating a particular issue, strict requirements for application of the doctrine must be satisfied. The party seeking to invoke the benefits must prove the necessary elements. There must be proof that the issue in the prior claim is identical and thus decisive of the issue in the current action. Additionally, it must be shown that the party against whom collateral estoppel is sought to be invoked has been afforded a full and fair opportunity to contest the decision said to be dispositive of the present controversy.

In the prior Federal action, plaintiff Pauline Hines was the plaintiff against the two officers, employees of the City, in the action premised on a claimed violation of her rights under section 1983 of title 42 of the United States Code. The civil rights action was fully litigated before a jury resulting in a verdict. It appears then that the second requirement has been satisfied (see *Schwartz v Public Administrator of County of Bronx, supra,* p 72).

Inasmuch as this record does not contain a transcript of the prior Federal court trial, resolution of the first phase would be speculative. The purpose of section 1983[1] is to

---

1. "§ 1983. Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

create a right of action, enforceable against those who, "under color of" State law deprive any person of any rights, privileges and immunities guaranteed by the Constitution and laws of the United States. It was intended to provide a Federal remedy supplementary to any State remedy available where basic civil rights are violated *(McNeese v Board of Educ.,* 373 US 668, 671-672). The remedies are distinct, thus the Federal remedy may be sought without prior resort to a State action *(Monroe v Pape,* 365 US 167, 183). However, it is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *(Paul v Davis,* 424 US 693, 701, petition for reh den 425 US 985.) The same set of facts may very well give rise to violations of both the Federal statute[2] and the State common law, where the rights are not necessarily common and the essential criteria are not necessarily similar *(Martin v Duffie,* 463 F2d 464).

We recognize that a single event may provide grounds for separate lawsuits when the factual predicates needed to establish liability are not necessarily the same. A common-law action for malicious prosecution could coexist with a pending Federal civil rights action based upon the same set of facts *(Neulist v County of Nassau,* 50 AD2d 803). However, it is apparent from a juxtaposition of the Federal and State case law that the elements of proof required for establishing a prima facie case of false imprisonment and malicious prosecution in a State action in the ordinary case are nearly identical to the prerequisites for recovery under section 1983 for the deprivation of a constitutional right involved in an alleged unlawful arrest or wrongful prosecution (see *Broughton v State of New York,* 37 NY2d 451, cert den *sub nom. Schanberger v Kellogg,* 423 US 929; *Smith v County of Nassau,* 34 NY2d 18; *Mullen v Sibley, Lindsay & Curr Co.,* 71 AD2d 21, revd on other grounds 51 NY2d 924; cf. *Hampton v Hanrahan,* 600 F2d 600, mod on other grounds 446 US 754, petition for reh den 448 US

---

2. The basic requirements of a complaint based upon section 1983 are (1) that the conduct complained of was engaged in under color of State law, and (2) that such conduct subjected the plaintiff to a deprivation of rights, privileges, or immunities secured by the Federal Constitution and laws *(Jones v Hopper,* 410 F2d 1323, 1326, cert den 397 US 991).

913; *Landrum v Moats*, 576 F2d 1320, cert den 439 US 912; *Morrison v Jones*, 551 F2d 939; *Brubaker v King*, 505 F2d 534; *Martin v Duffie, supra*). Nonetheless section 1983 was never intended to afford any party multiple recovery in separate court actions for the same acts *(Zarcone v Perry*, 78 AD2d 70), nor may a successful plaintiff in a prior section 1983 judgment utilize that verdict offensively in a summary judgment against a municipality *(Duverney v State of New York*, 76 AD2d 962).

We hold that the principles of *res judicata* and collateral estoppel can apply in the context of a civil rights action under section 1983 to bar a subsequent State court action to recover damages for common-law torts. While the remedies provided by section 1983 are distinct and supplementary to those provided by State law, this pertains only to the initial option of the plantiff to seek redress under section 1983 or under the common-law courts or both. It does not address the question of whether, under the precise posture of a State action, an identical issue has been already decided in Federal court or some other court. Some Federal courts have recognized that the doctrine of *res judicata* or collateral estoppel mandates a dismissal of an action under section 1983 where the issue of the constitutionality of the action complained about has been fully litigated and decided adversely to the plaintiff in a prior State action or proceeding (see *Jennings v Caddo Parish School Bd.*, 531 F2d 1331, cert den 429 US 897; *Thistlethwaite v City of New York*, 497 F2d 339, cert den 419 US 1093; *Bergersen v Codd*, 482 F Supp 223, affd 628 F2d 1344; *Hammer v Town of Greenburgh*, 440 F Supp 27, affd 578 F2d 1368).

Section 1983 should be read against the background of tort liability that makes a person responsible for the natural consequences of his actions. The invasion of fundamental rights, for which damages are recoverable under section 1983, as previously noted have fundamental elements in common with traditional torts, e.g., false arrest and malicious prosecution. The principles of *res judicata* and collateral estoppel should apply where the common-law tort coincides substantially with the action granted by section 1983; the analysis in each case depending on its particular facts *(Zarcone v Perry*, 78 AD2d 70, *supra*).

We have not had the benefit of the Federal trial transcript, only the pleadings in the two actions, the judgment roll and pretrial statement in the Federal action have been submitted. These suggest that there may have been issues in that action actually decided by the jury which would operate dispositively against the plaintiff here, at least as to her causes of action based upon assault, false arrest and malicious prosecution. However, this determination cannot properly be made without reviewing the Federal court instructions, especially since there was a jury verdict without special findings and no opinion *(Bronxville Palmer, Ltd. v State of New York*, 18 NY2d 560). We are unable therefore to determine (1) what issues were actually raised in the Federal action, (2) which of those were necessarily decided by the jury and (3) which of the issues necessarily decided are identical to those now being raised. Furthermore, it is not clear from this record whether plaintiff's cause of action based upon negligence in the officers' alleged failure to give her prompt medical treatment was submitted for determination by the jury in the Federal action. There does appear to be a resolution as to the affirmative defense of justification. An integral part of tort liability, in the case of police officers making an arrest, is the defense of good faith and probable cause. While good faith will not rectify an otherwise unlawful arrest *(Smith v County of Nassau*, 34 NY2d 18, *supra)*, proof of good faith is relevant to the mitigation of damages and where established may result in nominal damages only *(Broughton v State of New York*, 37 NY2d 451, 459, *supra)*. The good faith of the officers in effecting the arrest of plaintiff has been determined by the jury in the prior Federal action in favor of the police officers.

Consequently this matter should be remitted for a hearing on the questions heretofore raised. The burden of showing that the issue was identical and necessarily decided rests upon the City, whereas the burden rests on the plaintiff to show that collateral estoppel should not be applied because she did not have a full and fair opportunity to contest the decision now claimed by the City to be controlling.

We further hold that Special Term abused its dis-

cretion in granting plaintiff leave to file a late notice of claim with respect to plaintiff's third cause of action alleging malicious prosecution. The 90-day period under section 50-e of the General Municipal Law for serving a notice of claim on a municipality in an action for false arrest commences the day that the claimant is released from custody *(Brenner v County of Rockland,* 92 Misc 2d 833, 838, affd 67 AD2d 901), here presumably December 31, 1976, the same day that plaintiff was arrested. Her notice of claim, filed on March 31, 1977, was therefore timely in this regard, as well as in regard to her causes of action based on assault and negligence. Her cause of action for malicious prosecution, however, did not accrue until June 15, 1977, the date when charges against her were dismissed *(Boose v City of Rochester,* 71 AD2d 59, 65). A prior notice of claim, even if it could be construed to give notice of a theory of recovery based on malicious prosecution would be insufficient to satisfy the requirements of section 50-e *(Colena v City of New York,* 68 AD2d 898, 900). Plaintiff was required but failed to serve a separate notice of claim alerting the City as to this theory of recovery within 90 days of June 15, 1977. Thereafter, Special Term could only grant leave to file a late notice of claim if an application therefor was made within the general limitation period for commencing the action (General Municipal Law, § 50-e, subd 5), in this case, one year and 90 days (General Municipal Law, § 50-i, subd 1). The grant of *nunc pro tunc* relief to plaintiff on June 12, 1980, after this period had expired and upon defendant's motion for summary judgment, was patently improper *(Fraccola v City of Utica,* 77 AD2d 161; *Matter of Welch v State of New York,* 71 AD2d 494, mot for lv to app den 50 NY2d 802).

Plaintiff further contends that her summons and complaint, served on November 7, 1977, should be deemed equivalent to a notice of claim, inasmuch as it expressly states a cause of action for malicious prosecution. While this would be proper if plaintiff had served the summons and complaint within 90 days of the dismissal of the charges (see *Quintero v Long Is. R. R.,* 31 AD2d 844), the pleading cannot be so recognized since it was served after the statutory period (see *Sarsick v Kibec,* 73 AD2d 751; *Montez v*

*Metropolitan Transp. Auth.*, 43 AD2d 224). Nor is subdivision 6 of section 50-e of the General Municipal Law available to rescue plaintiff's cause of action. That subdivision, permitting a court in certain circumstances to allow a claimant to correct a "mistake, omission, irregularity or defect", is not applicable in an attempt to state a new theory of recovery *(Colena v City of New York, supra,* p 900).

Accordingly, plaintiff's third cause of action alleging malicious prosecution should be dismissed and permission to file a late notice of claim with respect to that cause of action denied; and the matter should be remitted for a hearing on the issue of collateral estoppel.

DILLON, P. J., CARDAMONE, HANCOCK, JR., and SCHNEPP, JJ., concur.

Order unanimously modified, and as modified affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with opinion by CALLAHAN, J.