■ Town of New Windsor, Appellant, v State of New York et al., Respondents. (Claim No. 63183.) — Appeal from an order of the Court of Claims, entered March 24, 1980, which denied claimant's motion for a protective order. The claimant Town of New Windsor seeks damages for some 14 miles of town roads appropriated by the State of New York. Claimant met the State's demand for a bill of particulars with an application for a protective order, which was denied. As certain of the particulars have since been furnished, this appeal is limited to denial of the town's motion to vacate Demands Nos. 1, 2, 4 and 7, which read as follows: "1. The nature of claimant's title or other interest in each parcel allegedly appropriated by Map 500. Separately state whether title is claimed by deed, dedication, condemnation or other method and make specific reference to Parcels 500 through 518. 2. State record, liber and page of each deed, dedication, map or other documentation by which claimant claims title and attach copies of each document to the bill of particulars and exhibits. *** 4. State the nature of the alleged consequential and severance damages to remaining land, including a description of the lands so damaged by reference to maps, deeds and surveys. Set forth each element of the alleged damages and the acreage of the land so damaged. *** 7. State the highest and best use of the parcels appropriated as of the date of appropriation." Since the State is entitled to know exactly what a claimant alleges he owns *(Van Dusen v State of New York,* 28 AD2d 211), Item No. 1 is a proper demand. Item No. 2 is inappropriate for it seeks to uncover evidence by which claimant will prove its claim *(Newburgh Urban Renewal Agency v Saffioti,* 50 AD2d 803). With the single exception that the State is entitled to have claimant furnish a description of the lands it will claim were severed and consequentially damaged by reason of the taking, Items Nos. 4 and 7 are also improper for they seek opinion evidence. Order modified, on the law, by granting claimant's motion to vacate Item No. 2, Item No. 4, except as indicated, and Item No. 7, and, as so modified, affirmed, without costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.