OPINION OF THE COURT
Margaret Taylor, J.
Plaintiff’s complaint states that she purchased a ticket from defendant theatre but was denied admission to the theatre “solely because she was of the Negro race.”
Defendant now moves to dismiss on the ground that the Attorney-General of New York State has not been notified of the suit pursuant to sectipn 41 of the Civil Rights Law, or, in the alternative, to amend the ad damnum clause of the complaint, striking the demand for $10,000 and replacing it with a demand for $500, the maximum allowed in a suit brought pursuant to section 41 of the Civil Rights Law. Additionally, defendant moves for dismissal on the ground that plaintiff failed to appear for a scheduled deposition.
Section 1981 of title 42 of the United States Code provides that “[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts * * * as is enjoyed *325 by white citizens”. Current section 1981 was originally part of section 1 of the Civil Rights Act of 1866,[1] an act passed pursuant to section 2 of the Thirteenth Amendment to the United States Constitution and designed to abolish all badges and incidents of slavery. (Jones v Mayer Co., 392 US 409.) Unlike section 1983 of title 42 of the United States Code,[2] it reaches purely private, as well as governmental, acts of racial discrimination. (Runyon v McCrary, 427 US 160; Johnson v Railway Express Agency, 421 US 454; Mahone v Waddle, 564 F2d 1018, cert den 438 US 904.) The transaction here alleged to have taken place, the exchange of the right to enter a place of entertainment for a fee, is a “contract” within the meaning of section 1981 of title 42 of the United States Code. (Scott v Young, 421 F2d 143, cert den 398 US 929.) Plaintiff’s allegations thus make out a cause of action for violation of section 1981, as well as for breach of contract.
It is a “general principle * * * that, where jurisdiction may be conferred on the United States courts, it may be made exclusive where not so by the Constitution itself; but, if exclusive jurisdiction be neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it.” (Claflin v Houseman, 93 US 130, 136; accord Boston Stock Exch. v State Tax Comm., 429 US 318; Grubb v Public Utilities Comm., 281 US 470; United States v State Tax Comm., 481 F2d 963.)
The instant suit is for money only and the amount sued for does not exceed $10,000. The Civil Court, therefore, has jurisdiction to hear this suit, unless Congress has vested exclusive jurisdiction over suits brought under section 1981 of title 42 of the United States Code in the Federal courts. (See CCA, § 202.)
Federal court jurisdiction over suits brought pursuant to section 1981 of title 42 is provided by section 1343 (subd [a], par [3]) of title 28 of the United States Code. (See Chapman v Houston Welfare Rights Organization, 441 US *326 600.) That section does not expressly or by implication reserve jurisdiction to the Federal courts. The Civil Court, therefore, has concurrent jurisdiction with the Federal District Courts to hear cases alleging a violation of section 1981 or 1982 of title 42 of the United States Code so long as the remedy sought is money damages and the damages demanded do not exceed the jurisdictional limit of the court. (See Mahone v Waddle, supra.)
In the area of civil rights, “legislative enactments * * * have long evinced a general intent to accord parallel or overlapping remedies against discrimination.” (Alexander v Gardner-Denver, 415 US 36, 47; McNeese v Board of Educ., 373 US 668; Neulist v County of Nassau, 50 AD2d 803.) Where a suit is brought under current sections 1981 and 1982 of title 42 of the United States Code, the court should apply the Federal or State law on damages which best serves the purposes of the 1866 Act. (Sullivan v Little Hunting Park, 396 US 229.) Thus, regardless of whether damages may be recovered for embarrassment and humiliation under State law such damages may be recovered under both sections 1981 and 1982 of title 42 of the United States Code.
“It is not helpful to look to state decisions in personal injury tort cases in which damages for such injuries are denied. * * *
“Section 1981 doubtless was intended to give to the former slaves access to opportunities for material betterment of themselves, but it was also intended to remove the stigma which accompanied the disabilities under which they formerly had labored. The plain command of the statutes is that those formerly enslaved henceforth shall be treated as having all of the rights and dignity of other people dwelling with them in a land of freedom. A denial of those statutory rights is treatment of the victim as being subject to those earlier disabilities. It is an affront, of which embarrassment and humiliation are natural consequences. If the statute is to be enforced fairly, if injuries suffered directly because of its violation are to be fairly compensated, damages for embarrassment and humiliation must be recoverable”.
*327 (McCrary v Runyon, 515 F2d 1082, 1089, affd sub nom. Runyon v McCrary, 427 US 160; accord Gore v Turner, 563 F2d 159; Bryan v Jones, 519 F2d 44; Seaton v Sky Realty Co., 491 F2d 634; Plummer v Chicago Journeyman Plumbers’ Local Union No. 130, 452 F Supp 1127; Hernandez v Erlenbusch, 368 F Supp 752.) Neither the procedural requirements applicable to a suit brought pursuant to section 41 of the Civil Rights Law nor the limitation on damages set forth therein applies to a suit brought to vindicate rights guaranteed by section 1981. (See, e.g., Sethy v Alameda County Water Dist., 545 F2d 1157.)
For the foregoing reasons the motion to amend the ad damnum clause of the complaint is denied, as is the motion to dismiss for failure to notify the Attorney-General.

. (Act of April 9,1866, ch 31, § 1 [14 US Stat 27], enacted by the Enforcement Act of 1870, Act of May 31, 1870, ch 114, § 18 [16 US Stat 140, 144].)

. (US Rev Stat, § 1979, originally § 1 of the Ku Klux Klan Act of April 20,1871 [17 US Stat 13].)