■ CHEW WAH BING et al., Appellants, et al., Plaintiffs, v SUN WEI ASSOCIATION, INC., et al., Respondents. [595 NYS2d 417] —Judgment, Supreme Court, New York County (William J. Davis, Jr., J.), entered February 28, 1992, which awarded a total of $340,000 in compensatory and punitive damages to

various defendants against various plaintiffs on a variety of counterclaims, in addition to directing accountings to be made and $96,241.66 in counsel fees to be paid, unanimously modified, on the law and the facts, by striking the punitive damage awards on the first, second and fourth counterclaims, and limiting recovery on the eighth counterclaim to the corporate defendant alone, and otherwise affirmed, without costs.

Plaintiffs are former officers of defendant Sun Wei Association, a fraternal, community-service organization based in Chinatown. The individual defendants took over the leadership of the organization in 1985, with defendant Chiu Pak Hoi as president, and immediately began investigating alleged financial improprieties of their predecessors in office. In order to stave off such investigation, plaintiff Ming distributed and caused to be published certain writings calling into question the character and responsibility required of defendant Hoi to hold office. In 1987 plaintiffs brought this action to remove the individual defendants from office for mismanagement as well as improper and unlawful conduct. After being subjected to a plethora of litigious practices, defendants counterclaimed, alleging abuse of process and malicious prosecution by plaintiffs, as well as defamation by plaintiff Ming, *inter alia.* When plaintiffs defaulted on the counterclaims, the IAS Court awarded interim counsel fees of $10,000 to the counterclaimants, and directed an assessment of damages. At a subsequent inquest, the court found the commencement and process of this lawsuit to have been frivolous and grounded in malice, resulting in enormous legal expenses for defendants. In addition to another $96,241 in counsel fees to defendant Association, the court awarded $10,000 in compensatory damages and $30,000 in punitive damages on the first counterclaim to defendant Hoi against plaintiff Ming for circulating a letter defaming Hoi; awarded $25,000 compensatory damages and $75,000 punitive damages, as between the same two litigants, on the second counterclaim for causing to be published an article defaming Hoi; awarded Hoi $25,000 compensatory damages and $75,000 punitive damages against Ming on the fourth counterclaim alleging the latter's commencement of a "frivolous" defamation action against Hoi; directed an accounting on the fifth, sixth and seventh counterclaims; and awarded the Association and Hoi's three individual co-defendants $25,000 each for abuse of process and malicious prosecution with respect to the present lawsuit.

We affirm defendant Hoi's recovery of compensatory dam-

ages on the first two counterclaims, in defamation. The evidence presented regarding injury to his reputation was unrefuted. However, there is no basis on which to award punitive damages. Ming's default was determinative only of liability on those counterclaims, and not the amount of damages claimed *(Wine Antiques v St. Paul Fire & Mar. Ins. Co.,* 40 AD2d 657). Although they stood mute, plaintiffs did appear at the inquest and thus had an opportunity to contest the assessment of damages on the counterclaim *(cf., Paulson v Kotsilimbas,* 124 AD2d 513). However, the award of punitive damages on these and the fourth counterclaims was unwarranted. The burden remained on the counterclaimants to prove malice at the inquest, in order to justify exemplary awards *(see, Clevenger v Baker Voorhis & Co.,* 19 AD2d 340, affd 14 NY2d 536; *Meehan v Snow,* 494 F Supp 690). Defendants are limited to the amount and type of recovery delineated in their counterclaim (CPLR 3215 [b]), and that pleading made no reference to punitive damages.

With regard to abuse of process, the subject of the eighth counterclaim, the liable party must be shown to have caused injury to his intended target, as well as offense to the legal process itself *(Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 400-401). As the Court of Appeals there held, an essential element of that tort is the quest, through means outside the legitimate ends of legal process, for some collateral advantage or corresponding detriment to the party allegedly injured. The real party disadvantaged by this lawsuit was the Association itself. Accordingly, recovery on the eighth counterclaim should be limited to an award of $25,000 to said Association. Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.