■ ANNA MCKINNEY, as Administratrix of the Estate of BENNY MCKINNEY, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In an action, *inter alia,* to recover damages for the deprivation of the civil rights of plaintiff's decedent, defendant New York City Transit Authority appeals from so much of an order of the Supreme Court, Kings County, dated December 20, 1979, as denied the branch of its motion which sought to dismiss the first three causes of action asserted against it in the complaint. Order reversed insofar as appealed from, on the law, without costs or disbursements, and first three causes of action dismissed. The complaint asserted five causes of action. Special Term dismissed the punitive damages claim, the fifth cause of action, asserted against all defendants, and defendant New York City Transit Authority (the authority) does not appeal from that portion of the order. Special Term refused to dismiss the other causes of action asserted against the authority. The fourth cause of action, asserted only against defendant Davis, is not before us on this appeal. It asserts a common-law wrongful death claim, based on assault. The first three causes of action state claims for damages arising out of defendant Davis shooting of

plaintiff's decedent while Davis was employed as a bus driver for the defendant authority. The first claim asserts that Davis, by shooting plaintiff's decedent, deprived him of his constitutional rights and attempts to hold the defendants New York City and the authority liable on a theory of *respondeat superior*. The second cause of action alleges that defendant Davis, at the time of the shooting, was acting under the authority of his status as a peace officer * when he shot plaintiff's decedent, thereby depriving him of his constitutional rights. The third cause of action, against all defendants, alleges that the acts were perpetrated upon plaintiff's decedent because he was a member of the black race, not because of any misconduct on his part, and that such acts therefore violated plaintiff's decedent's constitutional rights. The authority moved, *inter alia,* to dismiss the complaint on the ground that a similar action had been brought in the Federal District Court and had been dismissed for failure to state a claim upon which relief could be granted. The authority asserted that such determination was *res judicata* in the present action. The Federal complaint was virtually identical to the State court complaint, asserting the same five causes of action. In its decision and order, the Federal court treated the defendant authority's motion for summary judgment dismissing the complaint (Fed Rules Civ Pro, rule 56 [US Code, tit 28, Appendix]) as one to dismiss the complaint for failure to state a claim upon which relief can be granted (Fed Rules Civ Pro, rule 12, subd [b], par [6]). In its memorandum decision and order *(McKinney v City of New York,* US Dist Ct, EDNY, May 21, 1979, Mishler, Ch. J.), the Federal court held that the complaint asserted "five claims based on 42 U.S.C. 1981 and 1983, and'such rights [as] are delineated within the Fifth and Fourteenth Amendments of the Constitution of the United States of America to be secure in * * * life and liberty with due process of law.' " The court held that the complaint failed to assert a valid cause of action because there were "no allegations which'link' Davis' misconduct to'the adoption of any plan or policy [by the moving defendants] showing their authorization or approval of such misconduct' ", under the doctrine enunciated in *Rizzo v Goode* (423 US 362) and *Monell v New York City Dept. of Social Servs.* (436 US 658). Special Term denied the authority's motion to dismiss as to the first three causes of action in the complaint at bar, finding that "the decision of Judge Mishler was that federal jurisdiction did not exist under 42 USC 1983 * * * The prerequisites of *res judicata,* which would bar the action from being heard in a state court where jurisdiction clearly exists, were never met." The court also held that the requirements for a finding of *res judicata,* mainly an opportunity to contest the factual issues in the case, were missing. It is clear that the three causes of action at issue on this appeal involve only claims under Federal law (US Code, tit 42, 1983), and not under any State law. State courts, however, have concurrent jurisdiction with the Federal District Courts over actions brought under section 1983 of title 42 of the United States Code (see *Brody v Leamy,* 90 Misc 2d 1). We disagree with Special Term's reading of the Federal court's dismissal order as being based on jurisdictional grounds. The Federal court explicitly found that the "allegations [of the complaint] are insufficient to sustain a claim under section 1983." Moreover, it is clear that the Federal court did have subject matter jurisdiction over the action. The "jurisdictional counterpart" of section 1983, under which the Federal action was brought, is section 1343 of title 28 of the United States Code (see *Monell v New York City Dept. of Social Servs.,* 436 US 658, 663, *supra)*. Section 1343 (subd [a], par [3]) confers original jurisdiction on the Federal District Court over any action properly brought under section 1983. Although the Federal court's determination that the plaintiff failed to assert an actionable claim under section 1983 arguably meant that subject

---

* Davis was authorized to carry his gun as a peace officer, a status conferred on him because he also held the position of uniformed court officer (see CPL 1.20, former subd 33, now CPL 2.10, subd 21 [L 1980, ch 843]).

matter jurisdiction under section 1343 could not have been invoked, alternate jurisdictional bases were provided by section 1331 of title 28 of the United States Code (see *Turpin v Mailet,* 579 F2d 152, 155, vacated and remanded 439 US 974, on remand 591 F2d 426) and the Federal courts "jurisdiction to determine jurisdiction" (see Wright, Federal Courts [3d ed], 16). Furthermore, the lack of a fact-finding hearing in Federal court is not a bar to the application of the doctrine of *res judicata.* While the doctrine usually applies only where the first judgment is final * (see *Matter of Reilly v Reid,* 45 NY2d 24, 27; *Brown v Lockwood,* 76 AD2d 721), a dismissal not intended to foreclose the merits does have limited *res judicata* effect — it is deemed an adjudication of the ground upon which the dismissal is predicated (see Siegel, New York Practice, § 446). Therefore, a dismissal at the pleading stage is *res judicata* where the action is sought to be recommenced on the same pleading (see *Scherman v Board of Educ.,* 44 AD2d 831, 832, affd 37 NY2d 839; *Flynn v Sinclair Oil Corp.,* 20 AD2d 636, affd 14 NY2d 853). Further, it is clear that in those instances where the Federal court proceeding is predicated on the same basis as is the State court proceeding, Federal court determinations must be given *res judicata* effect in New York State courts (see *McLearn v Cowen & Co.,* 48 NY2d 696; *Salwen Paper Co. v Merrill Lynch, Pierce, Fenner & Smith,* 72 AD2d 385). Finally, we note that Special Term's reliance on *Nieves v New York City Tr. Auth.* (91 Misc 2d 214) is misplaced. There, the Federal court heard the section 1983 action and dismissed pendent State law tort claims, specifically indicating that such dismissal was without prejudice. The plaintiffs reasserted the tort claims in State court, where Special Term held that they were not barred by the Federal court's decision on the Federal claim under section 1983. At bar, plaintiff is attempting to reassert the very same Federal claims found inadequate by the Federal court, not pendent State claims the Federal court chose not to address. The three Federal claims in the action at bar which involve section 1983, having been determined by the Federal court to be insufficient, are barred by the doctrine of *res judicata* from being reasserted in State court and must be dismissed. Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.

---

* We ignore for the purposes of this discussion, the presumption under Federal practice that a dismissal for failure to state a claim under rule 12 (subd [b], par [6]) of the Federal Rules of Civil Procedure is on the merits and therefore final (see Fed Rules Civ Pro, rule 41, subd [b]; *Papilsky v Berndt,* 466 F2d 251, 254-255, cert den 409 US 1077).