**AHU REALTY CORP., Plaintiff,**

v.

**Herbert J. GOODWIN, Frances D'Elia, and Jerome O'Donnell, Defendants.**

**No. 80 Civ. 5983 (KTD).**

United States District Court,
S. D. New York.

Feb. 22, 1982.

Reback & Reback, Spring Valley, N. Y., for plaintiff; David C. Reback, Spring Valley, N. Y., of counsel.

Wilson, Elser, Edelman & Dicker, New York City, for defendants.

---

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

The original complaint in this action alleged violations of 42 U.S.C. §§ 1981 and 1982, the provisions of the Fair Housing Law, 42 U.S.C. 3601 et seq., and the Thirteenth Amendment. The complaint charged that the plaintiff corporation was damaged as a result of "religious discrimination in housing." This allegation is supported only by the fact that Mr. Maier Slutzky, the corporation's "principal," is Jewish. The defendants are certain members of the Planning Board of the Village of Monroe (not all of the members of the Board) who were sued individually and not as members of the Planning Board.

The Planning Board of the Village of Monroe granted preliminary approval for construction of townhouses by the plaintiff on a land subdivision owned by the corporate plaintiff on Route 17M in Monroe, Orange County, New York. Thereafter in 1978 and through 1980, various meetings were held by the Planning Board of the Village of Monroe to consider the final approval of the plaintiff's proposal. On May 19, 1980, the application for construction of the subdivision was disapproved by the Board at least until certain other information was supplied. Each of the individual defendants voted against the proposal as members of the Planning Board. It is alleged that the individual defendants' vote against the proposed subdivision was arbitrary and capricious and based solely on Mr. Slutzky's religion and thus constituted religious discrimination. The complaint demands actual damages in the amount of $500,000 and exemplary damages in the same amount.

The defendants moved in April of 1981 to dismiss plaintiff's complaint on the grounds that (i) no religious discrimination can be alleged against the plaintiff secular corporation; (ii) the individual defendants acted solely as members of the Planning Board and the Board itself was not made a party to the action and (iii) the plaintiff's claims have already been litigated in state court.

It appears that prior to this action, an action was brought by the plaintiff corporation under Article 78 of the New York Civil Practice Law and Rules in the Orange County Supreme Court against the Planning Board and its five members. The defendants herein were named in their official capacity as respondents in that state proceeding. That state court found that the Planning Board ruling is immune to review "unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion. Matter of Diocese of Rochester v. Planning Board of Town of Brighton, 1 N.Y.2d 508, 520 [154 N.Y.S.2d 849, 136 N.E.2d 827.]" Exhibit F to Defendant's Affidavit in Opposition to Cross-Motion and in Further Support of Dismissal, Opinion of Judge Green, at p. 5. The failure of the Planning Board to state specifically its reasons for denial of final approval might constitute unreasonable action. Therefore, Judge Green remanded the case to the Planning Board for further consideration. At the time the defendants' motion to dismiss was docketed in this forum an appeal of Judge Green's decision was pending before the Appellate Division of the Supreme Court of the State of New York. The Appellate Division has since affirmed Judge Green.

In response to the defendants' instant motion, plaintiff moves for leave to file an amended complaint. The proposed amended complaint adds violations of 42 U.S.C. § 1983 and the Fourteenth Amendment and also seeks to add Maier Slutzky as a party-plaintiff and the Planning Board of the Village of Monroe as a defendant.

In view of the fact that the matter was actively litigated in the New York courts, I consider it appropriate to abide by the ruling of the Appellate Division, Second Department, affirming the decision below. In ruling that the Planning Board acted properly in refusing to approve the proposed subdivision without further information the Court found:

> . . . the Board's disapproval of the final plat was proper and, unlike certain other

unfulfilled conditions such as payment of a filing fee, the defect cannot be remedied by petitioner except by resubmission of the plat to the board for approval in the exercise of its discretion respecting the effectiveness of the proposed drainage system.

81 A.D.2d 637, 438 N.Y.S.2d 136, 137. This ruling was made despite Maier Slutzky's allegation in an affidavit filed in the State Article 78 proceeding: "It is obvious that it is the religious prejudices [sic] of the Respondent that are causing it to make arbitrary, capricious and illegal delays in granting the subdivision approval to Ahu Realty." Exhibit C, Affidavit in Opposition to Cross-Motion and in Further Support of Dismissal, Slutzky Affidavit, ¶ 16. The Appellate Division remitted the matter to the Planning Board for further proceedings not inconsistent with its decision.

Apparently the plaintiff has never submitted the requisite information to the Planning Board and instead seeks to relitigate all of the issues in this federal action. The Planning Board has since reversed its prior stance, apparently after receiving the information requested, and approved construction of the Ahu Realty project. Construction is presently underway.

The threshold issue presented herein is whether *res judicata* or collateral estoppel bars the instant action. The plaintiff argues that neither of these doctrines is applicable since the constitutional issues presented here were not raised in the State Article 78 proceeding. In effect, the plaintiff argues that neither of these doctrines is applicable to a Section 1983 action. In so doing, the plaintiff relies on decisions antedating *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

■ The teaching of the Supreme Court in *Allen v. McCurry* is specifically that both *res judicata* and collateral estoppel are applicable to Section 1983 cases in the federal courts where there has been a prior state court determination. The court defines the two doctrines as follows:

Under *res judicata*, a final judgment on the merits of an action precludes the par-

ties or their privies from relitigating issues that were or could have been raised in that action.

•  •  •  •  •

Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

449 U.S. at 94.

■ In the instant case, Ahu Realty raised the issue of religious discrimination in the Article 78 proceeding against the Zoning Board of the Village of Monroe. *See* Affidavit of Mr. Maier Slutzky. The state courts having decided against the plaintiff on this issue, Ahu Realty is now precluded under the doctrine of collateral estoppel from proceeding in federal court. The claims raised in the present action are cognizable in the state courts and are commonly disposed of therein. *See, e.g., McKinney v. City of New York*, 78 A.D.2d 884, 433 N.Y.S.2d 193, 195 (2d Dep't 1980). Indeed, plaintiff was afforded a "full and fair opportunity to litigate," *Allen v. McCurry, supra*, 449 U.S. at 95, 101 S.Ct. at 415, the same "religious discrimination" claims raised in this proceeding as were presented to the New York courts. Therefore, in accord with the doctrine of collateral estoppel the instant complaint must be dismissed.

■ The plaintiff's motion to amend the complaint in the following ways must be denied for reasons of both collateral estoppel and *res judicata*. (i) The addition of Maier Slutzky as a party-plaintiff does not assist the corporate plaintiff in this matter. The complaint itself describes Slutzky as the "principal" of Ahu Realty and as such the two obviously are in privity within the meaning of the preclusionary doctrines. (ii) The addition of the Planning Board of the Village of Monroe is of no import except to make clear that the matter is barred by res judicata. The Planning Board was the identical defendant named in the Article 78 proceeding. In so far as the defendants

Goodwin, D'Elia and O'Donnell are still sued individually under the amended complaint, the doctrine of collateral estoppel precludes further litigation.

In sum, the motion of the defendants to dismiss the original complaint is granted. The motion to file an amended complaint is denied.

SO ORDERED.