# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1408**
**CA 15-00895**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

RICHARD REGAN, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

CITY OF GENEVA, CITY OF GENEVA POLICE
DEPARTMENT, FRANK PANE, JEFF TRICKLER,
JOHN CATELINE, ERIC HEIECK, MATTHEW D.
HORN, COUNCIL 82 LAW ENFORCEMENT UNION,
ENNIO CORSI, GREG CAREY, JEFF POTTER,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

BOSMAN LAW FIRM, LLC, ROME (DANIEL W. FLYNN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (PHILLIP OSWALD OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS CITY OF GENEVA, CITY OF GENEVA
POLICE DEPARTMENT, FRANK PANE, JEFF TRICKLER, JOHN CATELINE, ERIC
HEIECK AND MATTHEW D. HORN.

ENNIO CORSI, GENERAL COUNSEL, ALBANY (CHRISTINE CAPUTO GRANICH OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS COUNCIL 82 LAW ENFORCEMENT UNION,
ENNIO CORSI, GREG CAREY AND JEFF POTTER.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Oneida County (Bernadette T. Clark, J.), entered October 3,
2014. The order and judgment granted the motions of defendants City
of Geneva, City of Geneva Police Department, Frank Pane, Jeff
Trickler, John Cateline, Eric Heieck, Matthew D. Horn, Council 82 Law
Enforcement Union, Ennio Corsi, Greg Cary and Jeff Potter to dismiss
the amended complaint and dismissed the amended complaint against
those defendants.

Now, upon the stipulation of discontinuance signed by the
attorneys for plaintiff and for defendants Council 82 Law Enforcement
Union, Ennio Corsi, Greg Carey, and Jeff Potter on July 31, 2015 and
filed in the Oneida County Clerk's Office on August 7, 2015,

It is hereby ORDERED that said appeal from said order and
judgment insofar as it concerns defendants Council 82 Law Enforcement
Union, Ennio Corsi, Greg Cary, and Jeff Potter is unanimously
dismissed upon stipulation, and the order and judgment is modified on
the law by denying in part the motion of defendants City of Geneva,
City of Geneva Police Department, Frank Pane, Jeff Trickler, John

Cateline, Eric Heieck, and Matthew D. Horn and reinstating the sixth and eighth causes of action in the amended complaint against those defendants, and as modified the order and judgment is affirmed without costs.

Memorandum:  Immediately after his arrest for driving while intoxicated, plaintiff was suspended from his position as a police officer with defendant City of Geneva Police Department (Department). Approximately one week into his suspension, plaintiff entered a rehabilitation program, where he was diagnosed with posttraumatic stress disorder and anxiety disorder, which were related to his work as a police officer at the site of the World Trade Center in the days following the September 11, 2001 attack.  Shortly after plaintiff's release from the rehabilitation program, defendant Frank Pane, the Department's Chief of Police, notified plaintiff that his employment was terminated.

Plaintiff commenced this action alleging, inter alia, unlawful employment discrimination based upon his psychological disability. Supreme Court, inter alia, granted the pre-answer motion of defendants City of Geneva (City), Department, Pane, Jeff Trickler, John Cateline, Eric Heieck and Matthew D. Horn (collectively, City defendants) to dismiss the amended complaint against them.  We note at the outset that, on appeal, plaintiff seeks reinstatement of only the fourth, sixth, seventh, eighth, and ninth causes of action in the amended complaint against those defendants, and he has thus abandoned any issues concerning the propriety of the order and judgment insofar as it granted those parts of the motion of the City defendants seeking dismissal of the first, second, third, and fifth causes of action against them (see *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

We agree with the court, for reasons stated in its decision, that the fourth, seventh and ninth causes of action, which are premised upon alleged violations of the Equal Protection Clauses of the United States and New York Constitutions (US Const, 14th Amend, § 1; NY Const, art 1, § 11;), fail to state a cause of action (see CPLR 3211 [a] [7]).  We conclude, however, that the court erred in granting the motion of the City defendants insofar as it sought dismissal of the sixth cause of action, for disability discrimination under the Human Rights Law (Executive Law § 290 *et seq*.), and the eighth cause of action, for disability discrimination under the Rehabilitation Act of 1973 ([Rehabilitation Act] 29 USC § 701 *et seq*.).  We therefore modify the order and judgment by denying the City defendants' motion in part and reinstating the sixth and eighth causes of action against the City defendants.  Accepting plaintiff's factual allegations as true, and according him the benefit of every favorable inference, we conclude that plaintiff has stated causes of action for disability discrimination under both statues (see generally *Leon v Martinez*, 84 NY2d 83, 87-88).

Plaintiff sufficiently stated a cause of action for disability discrimination under the Human Rights Law by alleging that:  he has a disability and is therefore a member of a protected class; he is qualified for his position; he suffered an adverse employment action,

i.e., termination of his employment; and the termination occurred under circumstances giving rise to an inference of discrimination (*see Gill v Maul*, 61 AD3d 1159, 1160; *see also Brathwaite v Frankel*, 98 AD3d 444, 445).  Similarly, plaintiff sufficiently stated a cause of action for discriminatory termination under the Rehabilitation Act by alleging that:  "(1) he has a disability; (2) he is otherwise qualified to perform the job; (3) he was terminated solely because of his disability; and (4) the program or activity receives federal funds" (*Pickering v Virginia State Police*, 59 F Supp 3d 742, 745 [ED Va 2014]).

The court erred in concluding that plaintiff failed to allege sufficiently that his termination was based upon his disability rather than the criminal charge, and in dismissing the causes of action under the Human Rights Law and the Rehabilitation Act on that ground.  In support of those causes of action, plaintiff alleged that the City did not terminate the employment of two nondisabled employees after they were arrested for criminal misconduct, thus raising an inference that his termination was based upon his disability.  The court stated in its decision that plaintiff's allegations "equally support" the conclusions that those two employees and plaintiff were similarly situated, and that they were not similarly situated.  On the motion to dismiss pursuant to CPLR 3211 (a) (7), however, facts that equally support opposing inferences must be resolved in plaintiff's favor (*see Leon*, 84 NY2d at 87-88).

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court