Wallace v Suny Upstate (2018 NY Slip Op 04882)





Wallace v Suny Upstate


2018 NY Slip Op 04882


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


704 CA 17-02204

[*1]ROBERT WALLACE, PLAINTIFF-APPELLANT,
v
SUNY UPSTATE, DEAN MARK SCHMITT AND XIN JIE CHEN, DEFENDANTS-RESPONDENTS. 






KAISER SAURBORN & MAIR, P.C., NEW YORK CITY (HENRY SAURBORN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered March 6, 2017. The order granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages resulting from his alleged unlawful termination from defendant SUNY Upstate's College of Graduate Studies. Plaintiff asserted two causes of action, under Executive Law § 296 (1) (a) and the Rehabilitation Act of 1973 ([Rehabilitation Act] 29 USC § 701 et seq.) and, as limited by his brief on appeal, he alleges that he was discriminated against based on his posttraumatic stress disorder (PTSD). We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.
We note at the outset that, as recognized by the parties, the court erred in determining that medical documentation supporting the diagnosis of PTSD was required to support plaintiff's Executive Law cause of action, inasmuch as his cause of action is expressly limited to a real or perceived disability (see Ashker v International Bus. Machs. Corp., 168 AD2d 724, 726-727 [3d Dept 1990]).
Contrary to plaintiff's contention, the court properly granted that part of defendants' motion with respect to the Executive Law
§ 296 (1) (a) cause of action. Defendants met their initial burden by offering legitimate, independent and nonpretextual reasons for their employment decision, and plaintiff in opposition failed to raise a triable issue of fact whether the reasons stated for his discharge were pretextual (see Tibbetts v Pelham Union Free Sch. Dist., 143 AD3d 806, 807-808 [2d Dept 2016]; Kulaya v Dunbar Armored, Inc., 110 AD3d 772, 772-773 [2d Dept 2013]; see also Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). Specifically, "plaintiff [cannot] avoid summary judgment by merely pointing to the inference of causality resulting from the sequence in time of the events' " (Forrest, 3 NY3d at 313).
Contrary to plaintiff's further contention, the court properly granted that part of defendants' motion with respect to the Rehabilitation Act cause of action. To state a cause of action for discriminatory termination under the Rehabilitation Act, plaintiff must demonstrate that: " (1) he has a disability; (2) he is otherwise qualified to perform the job; (3) he was terminated solely because of his disability; and (4) the program or activity receives federal funds' " (Regan v City of Geneva, 136 AD3d 1423, 1425 [4th Dept 2016]). Here, defendants met their initial burden by establishing that plaintiff was not terminated solely as a result of any disability [*2](cf. id.) and, in opposition, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court