Buffalo Emergency Assoc., LLP v Aetna Health, Inc. (2021 NY Slip Op 03690)





Buffalo Emergency Assoc., LLP v Aetna Health, Inc.


2021 NY Slip Op 03690


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


199 CA 20-01065

[*1]BUFFALO EMERGENCY ASSOCIATES, LLP, EXIGENCE MEDICAL OF BINGHAMTON, PLLC, EXIGENCE MEDICAL OF JAMESTOWN, PLLC, EXIGENCE MEDICAL OF OLEAN, PLLC, EMERGENCY CARE SERVICES OF NY, PC, AND EMERGENCY PHYSICIAN SERVICES OF NY, PC, PLAINTIFFS-APPELLANTS,
v
AETNA HEALTH, INC., AETNA HEALTH INSURANCE COMPANY OF NEW YORK AND AETNA LIFE INSURANCE COMPANY, DEFENDANTS-RESPONDENTS. 






HOLWELL SHUSTER & GOLDBERG LLP, NEW YORK CITY (JAMES M. MCGUIRE OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
ELLIOTT GREENLEAF, P.C., BLUE BELL, PENNSYLVANIA (GREGORY S. VOSHELL, OF THE PENNSYLVANIA AND NEW JERSEY BARS, ADMITTED PRO HAC VICE, OF COUNSEL), AND PHILLIPS LYTLE LLP, BUFFALO, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered March 10, 2020. The order granted defendants' motion to dismiss plaintiffs' complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action asserting causes of action for breach of implied-in-fact contract, unjust enrichment, and declaratory relief based on alleged underpayments made by defendants for out-of-network emergency services provided by plaintiffs' physicians to defendants' insureds. Plaintiffs appeal from an order that granted defendants' motion to dismiss the complaint with prejudice pursuant to, inter alia, CPLR 3211 (a) (5). We note at the outset that, on appeal, plaintiffs seek reinstatement of only the first and second causes of action, and they have thus abandoned any issues concerning the propriety of the order insofar as it granted that part of defendants' motion to dismiss the third cause of action, for declaratory relief (see Regan v City of Geneva, 136 AD3d 1423, 1424 [4th Dept 2016]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Contrary to plaintiffs' contention on appeal, Supreme Court properly granted defendants' motion with respect to the first and second causes of action on the ground that they are barred by res judicata and collateral estoppel.
"In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was" (Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122 [2008], cert denied 555 US 1136 [2009] [internal quotation marks omitted]; see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]). Here, plaintiffs previously commenced an action in New York County Supreme Court asserting causes of action for, inter alia, breach of implied-in-fact contract and unjust enrichment and seeking to recover, as they do in this action, the reasonable value of the emergency services plaintiffs' physicians provided to defendants' insureds. New York County Supreme Court granted defendants' motion to dismiss the amended complaint, rejecting, among other things, plaintiffs' argument that the common-law claims that were asserted existed independent of the [*2]New York Emergency Medical Services and Surprise Bills Act (Act), the statutory act that requires health care insurers such as defendants to "pay an amount that [they] determine[] is reasonable for the emergency services . . . rendered by the non-participating physician or hospital, in accordance with [Insurance Law § 3224-a]" (Financial Services Law § 605 [a] [1]; see § 603 [c]). The First Department affirmed, similarly concluding that the Act "does not provide for a private right of action to enforce its provisions, and the court properly dismissed the [amended] complaint as an improper effort to 'circumvent the legislative preclusion of private lawsuits' for violation of the Act" (Buffalo Emergency Assoc., LLP v Aetna Health, Inc. [N.Y.], 167 AD3d 461, 462 [1st Dept 2018]; see also Han v Hertz Corp., 12 AD3d 195, 196 [1st Dept 2004]).
Thus, contrary to plaintiffs' contention on the current appeal, "the prior action was dismissed on the merits, and not merely because of technical pleading defects" (Jericho Group Ltd. v Midtown Dev., L.P., 67 AD3d 431, 431 [1st Dept 2009], lv denied 14 NY3d 712 [2010]; see Pieroni v Phillips Lytle LLP, 140 AD3d 1707, 1709 [4th Dept 2016], lv denied 28 NY3d 901 [2016]). Inasmuch as plaintiffs' claims were brought to a final conclusion on the merits, " 'all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (Xiao Yang Chen v Fischer, 6 NY3d 94, 100 [2005]; see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Finally, to the extent that plaintiffs alleged claims in the current action that accrued after resolution of the prior action, those claims are similarly barred by collateral estoppel (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court