Belton v Borg & Ide Imaging, P.C. (2023 NY Slip Op 05061)

Belton v Borg & Ide Imaging, P.C.

2023 NY Slip Op 05061

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

629 CA 23-00198

[*1]RUBY BELTON, M.D., PLAINTIFF-APPELLANT,
v
BORG & IDE IMAGING, P.C., AND RADNET, INC., DEFENDANTS-RESPONDENTS. 

COOPER ERVING & SAVAGE, LLP, ALBANY (PHILLIP G. STECK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ADAMS LECLAIR LLP, ROCHESTER (STACEY E. TRIEN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Monroe County (Victoria M. Argento, J.), entered August 25, 2022. The order granted in part the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a radiologist previously employed by defendant Borg & Ide Imaging, P.C., commenced this action pursuant to the Human Rights Law (Executive Law § 290 et seq.) seeking to recover damages based on allegations that, inter alia, defendants discriminated against her on the basis of race and age, and retaliated against her after she complained about the alleged discrimination. Plaintiff, as limited by her brief, now appeals from that part of the order that granted defendants' motion to dismiss the complaint with respect to the discrimination and retaliation causes of action pursuant to, inter alia, CPLR 3211 (a) (5). We affirm.
Contrary to plaintiff's contention, Supreme Court properly granted that part of defendants' motion seeking to dismiss the discrimination and retaliation causes of action on the ground that they are barred by res judicata, i.e., claim preclusion. "To establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 73 [2018]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; Zayatz v Collins, 48 AD3d 1287, 1289 [4th Dept 2008]). Generally speaking, " 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (Parker, 93 NY2d at 347, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Consequently, "res judicata bars claims that were not actually decided in the prior action if they could have been decided in that action" (Zayatz, 48 AD3d at 1290; see Matter of Hunter, 4 NY3d 260, 269 [2005]; Incredible Invs. Ltd. v Grenga [appeal No. 2], 125 AD3d 1362, 1363 [4th Dept 2015]).
Here, plaintiff previously commenced an action in federal court asserting against defendants causes of action for, inter alia, race and age discrimination and retaliation, seeking to recover, as she also does in this action, damages. The federal court granted defendants' motion to dismiss the complaint, explaining that the race and age discrimination and retaliation causes of action were dismissed pursuant to Federal Rules of Civil Procedure rule 12 (b) (6), and entered judgment accordingly (Belton v Borg & Ide Imaging, P.C., 512 F Supp 3d 433 [WD NY 2021]; see generally Ashcroft v Iqbal, 556 US 662, 678 [2009]). On appeal, the parties dispute whether dismissal of the race and age discrimination and retaliation causes of action in the federal action constituted a " 'judgment on the merits' " for res judicata purposes (Buffalo Emergency Assoc., [*2]LLP v Aetna Health, Inc., 195 AD3d 1403, 1404 [4th Dept 2021], lv denied 37 NY3d 916 [2021] [emphasis added]).
Plaintiff contends that the federal court's failure to expressly state that its determination was on the merits means that its dismissal of the discrimination and retaliation causes of action in the federal complaint was without prejudice. We reject that contention. Federal Rules of Civil Procedure rule 41 (b) provides, in relevant part, that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision . . . and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits" (emphasis added). In interpreting that rule, the Court of Appeals has concluded that "[i]n [f]ederal court, as distinguished from our [s]tate courts, a dismissal is on the merits unless the contrary expressly appears" (McLearn v Cowen & Co. 48 NY2d 696, 699 n [1979], on rearg 60 NY2d 686 [1983]; see generally Federated Dept. Stores, Inc. v Moitie, 452 US 394, 399 n 3 [1981]). Here, there is nothing in the federal court's written decision to indicate that its grant of defendants' motion to dismiss with respect to the discrimination and retaliation causes of action was done without prejudice, and therefore the presumption is that its determination was on the merits and final (see Johnson v McKay, 208 AD3d 1558, 1560 [3d Dept 2022]). Consequently, we conclude that the federal court's dismissal of the discrimination and retaliation causes of action in the federal action constituted a final judgment that has preclusive effect if the other two elements of res judicata are satisfied.
We conclude that defendants, on their motion, established that those other elements have been satisfied. With respect to the second element, it is undisputed that there is a complete identity of parties between the federal action and this action. With respect to the final element, however, plaintiff contends that res judicata does not apply here on the grounds that there is no identity of claims between the discrimination and retaliation claims in this action and the federal action. We reject that further contention. "[A] dismissal at the pleading stage [in federal court] is res judicata where the action is sought to be recommenced on the same pleading" (McKinney v City of New York, 78 AD2d 884, 886 [2d Dept 1980]). Specifically, "it is clear that in those instances where the [f]ederal court proceeding is predicated on the same basis as is the [s]tate court proceeding, [f]ederal court determinations must be given res judicata effect in New York State courts" (id.; see McLearn, 48 NY2d at 698-699; Bradshaw v City of New York, 200 AD3d 553, 553 [1st Dept 2021], lv denied 38 NY3d 907 [2021]). Stated another way, "dismissal on [a] motion [to dismiss] has preclusive effect only as to a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint" (175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1 [1980]). Thus, dismissal is not required on res judicata grounds where the new complaint asserts causes of action that are "materially different" and "alleg[es] facts necessary thereto which did not exist at the time of the first action" (id.).
Here, we conclude that there is an identity of issues between the discrimination and retaliation claims in this action and in the federal action because all of those claims arise out of the same set of operative facts (see Sciangula v Montegut, 165 AD3d 1188, 1190 [2d Dept 2018]). Both complaints assert causes of action for race and age discrimination, as well as for retaliation, and are based on the same alleged instances of defendants' wrongful conduct (see generally State Div. of Human Rights v Dunlop Tire & Rubber Corp., 105 AD2d 1071, 1072 [4th Dept 1984]). Although plaintiff's complaint in state court provided more factual detail than her federal complaint, that additional detail either pertained to claims that were dismissed in the federal action, or—if they were not raised in that action—could have been raised at that time (see generally Hunter, 4 NY3d at 269). To the extent that the complaint in this action asserts claims not contained in the federal complaint—i.e., claims that defendants retaliated by constructively discharging her from employment—we conclude that those claims are nonetheless precluded inasmuch as they are predicated on factual allegations that either were raised or could have been raised during the federal action (see Bradshaw, 200 AD3d at 554; see generally Bielby v Middaugh, 120 AD3d 896, 899 [4th Dept 2014]). Indeed, in her complaint for this action, plaintiff does not allege any wrongful conduct of defendants that occurred after the commencement of the federal action (cf. UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 476 [1st Dept 2011]). Consequently, we conclude that the court properly granted that part of the motion seeking to dismiss the discrimination and retaliation causes of action in the complaint on res judicata grounds inasmuch as there is an identity of issue between the claims asserted in this action and the claims asserted in the federal action.
In light of our determination, plaintiff's remaining contention
is academic.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court