Happy Lake House, LLC v Cross
2026 NY Slip Op 03562
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

HAPPY LAKE HOUSE, LLC, PLAINTIFF-APPELLANT,
v
JAMES CROSS, ET AL., DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
307 CA 25-00270
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

HARRIS BEACH MURTHA CULLINA PLLC, SYRACUSE (LISA A. LECOURS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (MATTHEW W. O'NEIL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), dated January 24, 2025, in an action regarding the ownership of real property. The order converted defendants' CPLR 3211 motion to dismiss to a motion for summary judgment, granted defendants' motion for summary judgment and dismissed the complaint.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, a determination that it is a one-third owner of disputed land. Several defendants moved to dismiss the complaint against them pursuant to CPLR 3211 (a) (1), (5) and (7), and Supreme Court converted the motion to one for summary judgment pursuant to CPLR 3211 (c). Plaintiff now appeals from an order that granted the converted motion. We affirm.
Contrary to plaintiff's contention, the court did not abuse its discretion in converting the motion to dismiss to a motion for summary judgment. The court provided "adequate notice to the parties" of its determination to convert the motion pursuant to CPLR 3211 (c) (see Barker v Gervera, 236 AD3d 1318, 1320 [4th Dept 2025]; Carcone v D'Angelo Ins. Agency, 302 AD2d 963, 963 [4th Dept 2003]), and plaintiff failed to establish that summary judgment was premature inasmuch as it did not demonstrate that additional discovery would lead to relevant evidence or give rise to an identifiable issue of fact (see Guarino v ProHEALTH Care Assoc., LLP, 219 AD3d 467, 469 [2d Dept 2023]; see generally Johnson-Neuland v New York Mun. Ins. Reciprocal, 186 AD3d 1042, 1042-1043 [4th Dept 2020]).
Contrary to plaintiff's further contention, the court properly granted the converted motion on the ground that plaintiff's causes of action are barred by res judicata, i.e., claim preclusion. " 'To establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions' " (Belton v Borg & Ide Imaging, P.C., 220 AD3d 1174, 1174 [4th Dept 2023], quoting Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 73 [2018]; see generally Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]). "Generally speaking, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Belton, 220 AD3d at 1174-1175 [internal quotation marks omitted]). "Consequently, res judicata bars claims that were not actually decided in the prior action if they could have been decided in that action" (id. at 1175 [internal quotation marks omitted]).
Here, plaintiff's predecessor in title previously commenced an action to quiet title and recover possession of the disputed property, asserting interests through both adverse possession [*2]and "by virtue of a claim under written instrument." The parties thereafter entered into a stipulation in open court that was memorialized in a November 1971 order, pursuant to which plaintiff's predecessor waived "any and all rights in and to [the disputed property] by reason of adverse possession by written instrument or otherwise," and further stipulated that the action "be discontinued with prejudice."
We conclude that the moving defendants established that, as for the first element, the prior action was resolved on the merits through the stipulation and order (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380 [1999]; State of New York Mtge. Agency v Massarelli, 167 AD3d 1296, 1296 [3d Dept 2018]; Aard-Vark Agency, Ltd. v Prager, 8 AD3d 508, 509 [2d Dept 2004]) and, as for the second element, there is a complete identity of parties inasmuch as privity includes a "successive relationship to the same right of property" (Simmons v Capra, 273 App Div 83, 87 [4th Dept 1947]; see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 486 [1979]). With respect to the final element, plaintiff contends that res judicata does not apply because its predecessor in title limited the claims at issue to those sounding in adverse possession. We reject that contention inasmuch as both the prior action and the instant action seek to recover possession and quiet title to the disputed property based upon, inter alia, the chain of title (see Sunny v Hossain, 236 AD3d 699, 701 [2d Dept 2025]; 214 Lafayette House LLC v Akasa Holdings, LLC, 227 AD3d 75, 81 [1st Dept 2024]). In any event, to the extent that the complaint in this action asserts claims not contained in the prior complaint, we conclude that those claims are nonetheless precluded inasmuch as they are predicated on factual allegations that either were raised or could have been raised in the prior action (see Belton, 220 AD3d at 1177; see generally Matter of Hunter, 4 NY3d 260, 269 [2005]).
In light of our determination, plaintiff's remaining contentions are academic.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court